Mr. Charles L. Robinson Legislative Joint Auditing Committee State Capitol, Room 172 Little Rock, Arkansas 72201
Dear Mr. Robinson:
This is in response to your request for an opinion regarding Act 879 of 1981, which is codified at Ark. Stat. Ann. 46-429 et seq. (Cum. Supp. 1985). You have asked the following specific questions:
 1. Must a county jail board be in the process of issuing county jail revenue bonds in order to collect the court costs authorized by the County Jail Revenue Bond Act?
 2. If the answer to #1 is "No", may a county jail board collect the court costs authorized by the County Jail Revenue Bond Act without ever seeking to issue county jail revenue bonds, and may such costs be used for the maintenance and operation of the county jail, or the jail where county prisoners are being held?
The answer to your first question is no. Section 46-433(a) authorizes the county, after its adoption of an ordinance providing for the establishment of a County Jail Board, to levy a fee as a part of the costs to be paid by all persons convicted of felonies or misdemeanors or any committed to the county jail. Section 46-433(b), which was added by Act 226 of 1983, clearly envisions the collection of court costs prior to the issuance of bonds. That provision states as follows:
 Until such time as bonds are issued under this Act, the revenues derived from additional court costs authorized by this Act may be deposited into the County General Fund, to be used exclusively for furnishing, repair, maintenance and operation of the county jail. . .
The emergency clause contained in Section 3 of Act 226 of 1983 also supports this conclusion. It states:
 It is hereby found and determined by the General Assembly that some counties have levied additional court costs under Act 879 of 1981 but have not issued bonds under that Act; that revenues derived from such court costs in such instances should be deposited in the County General Fund if so desired. . . . (Emphasis added.)
In response to your second question, Act 879 does not appear to require the issuance of county jail revenue bonds as a condition precedent to the collection of the court costs. The answer to the first part of this question, therefore, is yes.
The county is given discretion to levy the fee, and this discretion does not appear to be tied to the County Jail Board's decision to issue bonds under the Act. In fact, a separate fund is named as the depository of these revenues. See 46-433(b). There is an implied assumption under 46-433(b) that bonds will be issued, but this cannot be said to be the equivalent of an affirmative requirement particularly in light of the apparent intent to imbue the Jail Board with discretion in this area.
The answer to the second part of this question is also yes. Section 43-433(b) provides that revenues derived from the additional court costs are to be used ". . .exclusively for furnishing, repair, maintenance and operation of the county jail." Although this provision would at first blush appear to be limited to the "county jail," it is reasonable to conclude based upon the Act as a whole that use of these revenues for other jail facilities is permissible. The word "jail" is defined in 46-430(b) as "the county jail and jail facilities of the county." These terms appear together throughout the Act when reference is made to the use of available funds. And the General Assembly has explicitly stated its intent under 46-411 for the Act to be liberally construed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.